UNITED STATES v. HEYFRON, County Treasurer.

(Circuit Court, D. Montana. April 24, 1905.)

No. 691.

INDIANS—ADOPTION INTO TRIBE—TRIBAL RIGHTS.

A quarter-blood Indian, who has during the most of his life resided with the Indians, and who, on his marriage to a member of the Flathead Nation, was adopted by such nation, and has since resided on the reservation, and has been treated as a member by the tribe and by the United

States, is entitled to the same rights as other members of the tribe, including the exemption of his property from state taxation.

In Equity.   Suit for injunction.

Carl Rasch, U. S. Atty. (Marshall & Stiff, of counsel).
Woody & Woody, for defendant.

HUNT, District Judge.   This case involves questions similar to those just decided in the case of the United States v. Dan J. Heyfron, as County Treasurer of Missoula County, in the State of Montana, 138 Fed. 964, but the injunction here sought is to restrain the treasurer of Missoula county from collecting taxes alleged to be due by one Allen Sloan.   Sloan, whom the government claims is its ward, is 40 years old, and was born at Crow Wing, Minn., where he lived until he was 10 or 11 years old.   Crow Wing was at the time a trading post in the Indian country, and inhabited by Mississippi Chippewa Indians.   Sloan himself is a quarter-breed Chippewa, his mother being a half-breed Chippewa.   When the boy lived at Crow Wing he associated with Indians.   When he was 10 or 12 years of age he moved to St. Cloud, Minn.   St. Cloud was a village in the state of Minnesota.   He lived there until he was 17 years old.   He then worked as lumberman and at various pursuits in Dakota, and came to the Flathead Reservation in 1884, where he has lived ever since; having married in 1884 a half-breed Kootenai Indian woman.   In the same year of his marriage he was adopted by the Flathead Nation, two councils having been held for the purpose of such adoption.   At one of the councils there were present Chiefs of the Pend d'Oreille Indians, while the second council was a general one of the Flathead Nation.   Ever since his adoption, Sloan has been treated as other members of the tribe have been.   He has drawn rations, annuities, and payments, and has enjoyed the privileges accorded to full-blood Indians on the reservation.   The government and the Indians have regarded him as a member of the Flathead Nation.   He has participated in the Indian councils as a member of the tribe, and voted on matters transacted by the councils.   He was enrolled as a member of the Flathead Nation upon a roll prepared by a special agent of the Indian Department of the United States, and, after special evidence had been called for by the general government, in order that it might be better satisfied of his right to be placed upon the roll before its approval by the Indian Office in Washington, additional testimony was sent, and thereafter instructions were given to have Sloan's name placed upon the roll, provided he should relinquish his rights on the White Earth Reservation.

Upon the facts, Sloan's case is not as strong as Pablo's; yet, upon the authority of the decision in Michel Pablo's case, it is ordered that the injunction prayed for by the United States be made permanent.